## PARKER *v.* THE LITTLE ACME.

*(District Court, W. D. Pennsylvania. October 11, 1890.)*

1. MARITIME LIENS—SEIZURE OF VESSEL—RIGHTS OF MASTER.
   Where the sheriff, by virtue of a writ of execution, seized a steam-boat, and, after taking actual possession, ran the boat a few days without the consent or knowledge of the owner, one who acted as master and pilot during that time must look to the sheriff for his compensation, and has no lien against the boat.

2. SAME—LIENS BY STATE LAWS.
   The Pennsylvania act which gives liens against domestic vessels navigating the rivers Allegheny, Monongahela, and Ohio does not apply to a boat running exclusively on the Beaver river, a tributary of the Ohio.

In Admiralty.
*Barton & Barton,* for libelant.
*James R. Macfarlane,* for respondent.

ACHESON, J. It appears by the libelant's own admission, and otherwise, that he was hired by the day; and it is also shown that he was paid by his employer, Mr. Mardorf, the owner of the boat, in full for his services up to the time (November 7, 1889) when the sheriff, acting under judicial process, took the boat in execution. Presumably it was a lawful seizure, but, however this may be, the sheriff took actual possession of the Little Acme under the writ in his hands. Then, without the consent or knowledge of the owner, but on his own responsibility, he ran the boat two days, and then tied her up. Now the libelant knew of the seizure, and for payment for his services during the short time the sheriff undertook to run the boat he must look to that officer, whose bailiff or servant he was. *Trovillo* v. *Tilford,* 6 Watts, 468, 471. Most certainly, after November 9, 1889, the libelant did not serve as master or pilot, for the boat did not run at all, and she remained under execution. Upon the proofs, it is not apparent to me that after the last-mentioned

date the libelant rendered any service whatever for which the owner of the boat is answerable; but, if he did, those services were not of a maritime nature, and are not the subject of a lien.

The balance of the libelant's claim is of doubtful merit at the best, but as a lien it has no standing. This was a domestic vessel, and at home. Therefore, no maritime lien for the matters here involved could arise. And then the Pennsylvania act of 20th April, 1858, (1 Purd. Dig. 126,) applies exclusively to vessels navigating the Allegheny, Monongahela, and Ohio rivers, whereas the Little Acme navigated the Beaver river only. Moreover, this statute does not embrace such items as are here in question. *Dalzell* v. *The Daniel Kaine*, 31 Fed. Rep. 746.

Let a decree be drawn dismissing the libel, with costs.